# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                              No. CR 05-1368 JB

JESUS ROMERO-HERNANDEZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Government's Request to Withdraw from Plea Agreement, filed February 6, 2006 (Doc. 25). The Court held a hearing on this motion on March 20, 2006. The primary issue is whether the Court should allow the United States to withdraw from the plea agreement because Defendant Jesus Romero-Hernandez has a prior felony conviction. Because the language of the plea agreement allows the United States to withdraw from the plea agreement if Romero-Hernandez has a prior felony conviction, and because he does have a prior felony conviction, the Court will grant the United States' request.

## FACTUAL BACKGROUND

The United States asserts that, in most cases, the indictment or information will adopt the factual allegations as to each count. <u>See</u> Letter from William J. Pflugrath, United States Attorney, to the Honorable James O. Browning, United States District Court Judge, District of New Mexico (dated November 17, 2005) with attachment labeled "Theory of Why We Should consider the Criminal Complaint" ¶ 7, at 1. The United States also asserts that, in Romero-Hernandez' state court case, the factual basis for each charge is in the state complaint, and that it supports all four charges

he faced in state court, see id.: (i) assault in the third degree on two persons; Romero-Hernandez knowingly caused bodily injury to Yvonne Romero and Jesse Romero; (ii) harassment; Romero-Hernandez intended to harass Yvonne Romero by shoving her; (iii) menacing; Romero-Hernandez knowingly attempted to place Jesse Romero in fear of serious bodily harm; and (iv) criminal mischief; Romero-Hernandez knowingly damaged the personal property of Yvonne Romero.  See Letter from William J. Pflugrath, United States Attorney, to the Honorable James O. Browning, United States District Court Judge, District of New Mexico with attachment labeled "Uniform Summons and Complaint or Penalty Assessment" at 1 (dated June 3, 1997).  Romero-Hernandez pled guilty to counts one and four, and the state court found him guilty of those counts.  See Presentence Investigative Report ("PSR") ¶ 18, at 8 (disclosure date September 23, 2005). As part of the plea agreement, the state court dismissed counts two and three.  See id.

Count I, to which Romero-Hernandez pled guilty on June 10, 1997, was for Assault in the Third Degree.  See id.  Assault in the Third Degree is a class 1 misdemeanor in Colorado, see COLO. REV. STAT. §§ 18-3-204 (1997), which carries a maximum penalty of eighteen months incarceration, see COLO. REV. STAT. §§ 18-1-106 (1997).  Because the maximum penalty was eighteen months, this state crime is a felony for federal classification purposes, even if the state of Colorado classified the crime as a misdemeanor and even if he received less than eighteen months incarceration.  See United States Sentencing Guidelines § 4A1.2(o)("'[F]elony offense' means any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed.").  The United States represents that, while the state court found Romero-Hernandez guilty of only two of four counts, the state court "adopted" the entire complaint.  Theory of Why We Should Consider the Criminal Complaint ¶ 9, at 1-2, and ¶ 2, at 2.  The United States also represents

-2-

that the sentencing court did not delete those facts in the complaint which it did not "adopt."  Id. ¶ 8, at 1.

## PROCEDURAL BACKGROUND

The United States represents that Romero-Hernandez was initially charged with Re-entry after Conviction of an Aggravated Felony, but Romero-Hernandez refused to plead to this charge.  See Letter from William J. Pflugrath, United States Attorney, to the Honorable James O. Browning, United States District Court Judge, District of New Mexico with attachment labeled "Summary of the Case" ¶ 1, at 1 (dated October 13, 2005).  Because Romero-Hernandez refused to plead guilty to the charge, the United States prepared for indictment.  See id.  Because the Assistant United States Attorney did not have proof of a prior conviction at the time he was before the grand jury, Romero-Hernandez was indicted for Re-entry after Deportation in violation of 8 U.S.C. §§ 1326(a)(1) and (2).  See id.; Redacted Indictment at 1, filed June 29, 2005 (Doc. 6).  The United States extended the Fast Track benefit to Romero-Hernandez under the belief that he refused to plead guilty to the greater offense because it was overcharged.  See Summary of the Case ¶ 1, at 1.

The United States entered into a plea agreement with Romero-Hernandez on August 16, 2005 in which he pled guilty to 8 U.S.C. §§ 1326(a)(1) and(2).  See Plea Agreement, filed August 16, 2005 (Doc. 17).  Paragraph 7(a) states:

> The Defendant and the United States agree pursuant to Rule 11(c)(1)(C), that the Defendant's sentence shall be time served, provided Defendant has no prior felony convictions and no more than two prior misdemeanor convictions as defined in § 2L1.2(b)(1)(E); if the Defendant does have a felony conviction or three qualifying misdemeanor convictions, the United States has the right to withdraw from this plea agreement.

Id. ¶ 7(a), at 4.

The United States asserts that, at the change of plea hearing, the Probation Office offered proof of the Colorado conviction, but characterized it only as a felony.  See Summary of the Case ¶ 2, at 1.  The United States further asserts that it and Romero-Hernandez then agreed that, based on Probation's new assessment, it was appropriate for Romero-Hernandez to plead guilty to Re-entry after Conviction of a Felony, which is more severe than simple Re-entry, but less severe than Re-entry After Conviction for an Aggravated Felony.  See id.

On September 23, 2005, the Probation Office disclosed its PSR.  The PSR discussed the indictment of Reentry of Alien Previously Deported and, in paragraph 5, stated:

> Specific Offense Characteristic: Pursuant to U.S.S.G. § 2L1.2(b)(1)(D), "[i]f the defendant previously was deported, or unlawfully remained in the United States, [a]fter a conviction for any other felony, increase by 4 levels."  On March 16, 1998, the defendant pled guilty to, and was convicted of, Criminal Impersonation (Case No. 97CR01403), a Class 5 Felony, out of the Larimer County District Court in Colorado. The defendant was sentenced to 2 years probation, 80 hours community service, and fines/court costs.  The defendant was deported to Mexico on May 24, 2005 via the Paso Del Norte Port of Entry in Texas.  Therefore, a four level enhancement was applied.

PSR ¶ 5, at 2.  Paragraph 18 of the PSR describes another Colorado crime:

> Attorney representation is unknown in this matter.  Additional counts of Ct. 2: Harassment: Strikes, Shoves, or Touches (Misdemeanor), and Ct. 3: Menacing-Use of a Deadly Weapon (Misdemeanor) were dismissed by the District Attorney. . . .

> According to the Larimer County, Colorado Sheriff's Department arrest records, during a verbal argument between the defendant and the victim at their residence, the defendant began to shove the victim.  At this point the victim's son stepped in to break up the dispute and was hit by the defendant across the side of his head by his fist.  Both victims then began to hit the defendant.  The argument ensued after the defendant threw the victim's karaoke machine, kicked the stereo and the recliner, breaking or damaging all of these items.  The defendant left the residence and threatened to kill the son of the initial victim.  The son stated he was afraid the defendant would harm him if he saw him again.  The above information was obtained from court documentation and collateral investigations conducted by the United States Probation Office, District of Colorado.

Id. ¶ 18, at 8.

The United States represents that, since the disclosure of the PSR, the Probation Office has reassessed its recommendation and now contends that Romero-Hernandez' prior conviction was an aggravated felony. See Summary of the Case ¶ 3, at 1. The United States contends that Probation indicates, and the United States agrees, that Romero-Hernandez was previously convicted for hitting Jesse Romero on the side of his head with his fist. See Theory of Why We Should Consider the Criminal Complaint ¶¶ 1-4, at 2-4. The United States represents that Probation argues that, if one omits the dismissed or irrelevant facts in the complaint, what is left is the description of a crime of violence and, because the state court judicially adopted the complaint, then the state court must have judicially adopted those remaining facts. See id. ¶ 9, at 1-2.

The United States now characterizes the previous conviction as a crime of violence, which "precludes a plea to a § 1326(b)(1)-level offense." Government's Request to Withdraw From Plea Agreement ¶ 1, at 1. The United States represents that it was not aware of a conviction that falls within U.S.S.G. § 2L1.2(b)(1)(A) at the time the plea agreement was entered. See id. ¶ 2, at 2.

The United States wishes to give Romero-Hernandez some benefit as a result of the confusion related to the characterization of his prior offense. See id. ¶ 1, at 1. The United States represents that it is unable to give Romero-Hernandez the benefit promised by the current plea agreement. See id. The United States represents that Romero-Hernandez appears unwilling to consider an alternative offer as long as the existing one remains extant. See id. ¶ 1, at 1-2.

Pursuant to paragraph 7(a) of the plea agreement, the United States requests to withdraw from the plea agreement in which it entered with Romero-Hernandez. See id. at 1. Romero-

Hernandez approves as to form only.  See id. ¶ 3, at 2.  Romero-Hernandez did not file any written

opposition to the motion, but his counsel has informed the Court's Courtroom Deputy that he does

oppose the motion and wants to keep the United States to its bargain.

## ANALYSIS

The United States asserts that the parties are now aware of a conviction that falls within

U.S.S.G. § 2L1.2(b)(1)(A).  See id. ¶ 2, at 2.  The United States represents that the failure to

recognize the precise nature of Romero-Hernandez' prior conviction is a result of a new assessment,

and was not caused by the lack of diligence or candor by either party.  See id.  The United States

represents that, as long as it remains in effect, the current plea agreement is hindering plea

negotiations.  See Transcript of Hearing at 5:21-6:15 (taken March 20, 2006).[1]

The issue in dispute between the parties is whether the Colorado crime is a crime of violence

warranting the sixteen-level offense level enhancement.  The United States argues that the state court

judicially adopted the facts which support counts one and four, and that the state court did not

judicially adopt the facts that support counts one and three.  The United States suggests that the

Court begin by striking those facts that were clearly related to counts that the state court dismissed

or that were not relevant.

a. Count 2: Intended to harass Yvonne Romero by shoving her; dismissed, so strike
actions related to shoving Yvonne Romero:

During a verbal argument between Jesus Romero and Yvonne Romero, at their
residence, Jesus began to shove Yvonne.  Yvonne's son, Jesse Romero, stepped in to
break it up at which time he was hit by Jesus across the side of his head by Jesus' fist.
Jesse and Yvonne then both began to hit Jesus to get him to stop fighting with them.
The verbal argument had begun after Jesus threw Yvonne's kariokc machine, kicked

_____

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original,
unedited version.  Any final transcript may contain slightly different page and/or line numbers.

the stereo and kicked the recliner.  Jesus broke or damaged all of these items.  Jesus then left the residence and as he did so, he threatened to kill Jesse Romero, [he] stated he was afraid of Jesus might try to do something to him if he saw him again.

b.  Count 3: Knowingly attempted to place Jesse Romero in fear of serious bodily harm; dismissed, so strike actions related to placing Jesse Romero in fear of serious bodily harm:

During a verbal argument between Jesus Romero and Yvonne Romero, at their residence, ~~Jesus began to shove Yvonne~~.  Yvonne's son, Jesse Romero, stepped in to break it up at which time he was hit by Jesus across the side of his head by Jesus' fist. Jesse and Yvonne then both began to hit Jesus to get him to stop fighting with them. The verbal argument had begun after Jesus threw Yvonne's karioke machine, kicked the stereo and kicked the recliner.  Jesus broke or damaged all of these items.  Jesus broke or damaged all of these items.  Jesus then left the residence and as he did so, ~~he threatened to kill Jesse Romero, [he] stated he was afraid of Jesus might try to do something to him if he saw him again.~~

c.  Count 4: Knowingly damaged the personal property of Yvonne Romero; guilty, but irrelevant to a crime of violence against another person.

During a verbal argument between Jesus Romero and Yvonne Romero, at their residence, ~~Jesus began to shove Yvonne~~.  Yvonne's son, Jesse Romero, stepped in to break it up at which time he was hit by Jesus across the side of his head by Jesus' fist. Jesse and Yvonne then both began to hit Jesus to get him to stop fighting with them. ~~The verbal argument had begun after Jesus threw Yvonne's karioke machine, kicked the stereo and kicked the recliner.  Jesus broke or damaged all of these items~~.  Jesus then left the residence and as he did so, ~~he threatened to kill Jesse Romero, [he] stated he was afraid of Jesus might try to do something to him if he saw him again.~~

d.  Strike Romero-Hernandez' non-criminal conduct for further clarity:

~~During a verbal argument between Jesus Romero and Yvonne Romero, at their residence, Jesus began to shove Yvonne.  Yvonne's son, Jesse Romero, stepped in to break it up at which time he was hit by Jesus across the side of his head by Jesus's fist. Jesse and Yvonne then both began to hit Jesus to get him to stop fighting with them. The verbal argument had begun after Jesus threw Yvonne's karioke machine, kicked the stereo and kicked the recliner.  Jesus broke or damaged all of these items.  Jesus then left the residence and as he did so, he threatened to kill Jesse Romero, [he] stated he was afraid of Jesus might try to do something to him if he saw him again.~~

The Court has not, at this stage of the proceedings, assessed Romero-Hernandez' criminal

conduct.  The Court has also not looked further into the body of the state complaint.  The Court is, like the parties, reluctant to second guess the sentencing court or speculate about what it thought.

In any case, the Court need not decide, for purposes of this motion, whether the Colorado conviction was a crime of violence and expresses no opinion on that issue at this time.  It is sufficient to find that Romero-Hernandez was previously convicted of a felony and that the United States has the right to withdraw from the plea agreement if that is the case.  Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will allow the United States to exercise its right to withdraw from the plea agreement.

The PSR shows that Romero-Hernandez was convicted of a class 1 misdemeanor in Colorado which is punishable by 18 months imprisonment.  Thus, Romero-Hernandez was previously convicted of a felony, and the United States has a right to withdraw from the plea agreement pursuant to paragraph 7(a) of such agreement.

**IT IS ORDERED** that the Government's Request to Withdraw from Plea Agreement is granted.  The United States is allowed to withdraw from the plea agreement.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

David C. Iglesias
    United State Attorney for the District of
      New Mexico
William J. Pflugrath
    Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

-8-

Serapillo L.  Jaramillo
Albuquerque, New Mexico

*Attorney for the Defendant*